**BENNETT v. UNITED STATES.**

BENNETT, et vir v. UNITED STATES.

Civil Actions Nos. 1002, 1003.

United States District Court
W. D. Texas, San Antonio Division.

Jan. 31, 1950.

Muckleroy McDonnold, San Antonio, Tex., for plaintiff.

H. W. Moursund, United States Attorney, San Antonio, Tex. and Lester L. Gibson, Assistant to the Attorney General, for defendant.

RICE, District Judge.

### Findings of Fact

1. The above actions which are authorized by Title 28, Section 41 of the U. S. C.A. were consolidated and tried together by consent of the parties.

2. The plaintiffs John M. and Jamie A. Bennett, are husband and wife and reside in San Antonio, Bexar County, Texas.

3. Plaintiffs keep their books and file their individual income tax returns on a cash receipts and disbursements basis.

4. During the years 1942 and 1943, and for many years prior thereto, John M. Bennett owned and operated a cattle ranch in Jackson County, Texas. Jamie A. Bennett owned an undivided one-fifth interest in a cattle ranch in Kenedy County, Texas, which was operated by a partnership known as Armstrong Ranch. Both ranches were stocked with herds of breeding cattle and the main source of income from each ranch was from the sale of calves. In 1942 and 1943, in accordance with their regular practice and in the normal course of business, plaintiffs culled from the breeding herd a number of breeding cattle (both cows and bulls) which had become unsuitable for breeding purposes and sold them on the open market. The culled animals were not separated from the rest of the herds prior to sale, but were culled and immediately shipped to market. In addition to breeding animals, some work animals (horses and mules) were sold during 1943.

5. The sales and gains from breeding animals from the Jackson County Ranch during 1942 and 1943 were as follows:

| Year | Sales Price | Basis | Previously Allowed | Gain |
|------|-------------|-------|--------------------|------|
| 1942 | $ 5,976.19 | $ — | $ — | $ 5,976.19 |
| 1943 | 12,519.20 | 2,312.15 | 1,878.62 | 12,085.67 |

6. Plaintiffs' one-fifth of net gain realized by the Armstrong Ranch from sale of breeding and work animals during the year 1943 was $1,092.44.

7. During each of the years 1942 and 1943, plaintiffs realized community income from the sales of the culls, which income they reported as ordinary income in separate returns on the community basis, i. e., plaintiffs each reported for tax one-half of the net income derived from such sales. Thereafter, plaintiffs timely filed claims for refund of the amounts of tax alleged to be attributable to the inclusion in their incomes of the entire amount of the profits resulting from the sales of the culls, it being their contention in the claims that such profits should have been treated as long-term capital gains under Sec. 117(j) of the Internal Revenue Code, 26 U.S.C.A. § 117 (j), rather than as ordinary income, and that only 50% of such profits should have been reported as subject to tax. Plaintiffs further alleged in the claims that they had made a charitable donation of $2,882.-56 in 1943 for which they had failed to claim a deduction in their 1943 returns and that each was therefore entitled to refund of the amount of tax attributable to the allowance of an additional deduction of $1,441.28 for his and her community one-half of said contribution.

8. The Commissioner of Internal Revenue did not act on the claims for refund within six months after they were filed. Accordingly, on August 4, 1947, plaintiffs filed these suits to recover the alleged overpayments set forth in the claims. Thereafter, the defendant recognized the right of plaintiffs to claim an additional deduction for the year 1943 with respect to the charitable donation described above and refund checks covering the amounts of tax and interest attributable thereto were duly issued to plaintiffs by the Treasury Department and were accepted by them, thus eliminating that issue from these cases.

9. With respect to all animals sold by taxpayers during the years 1942 and 1943, the gains on which are now claimed to be long-term capital gains, said animals were owned by taxpayers for a period in excess of six months and were held as breeding and/or work animals only.

Conclusions of Law

1. The gains realized by taxpayers during the taxable years 1942 and 1943 from sales of breeding and/or work animals are taxable to them under the provisions of Section 117(j) of the Internal Revenue Code.

2. Taxpayers, John M. and Jamie A. Bennett, are entitled to refunds of income taxes paid for the taxable year 1943 of $3,629.33 and $3,293.09, respectively.